ALBERT SPINNER, Appellant, *v.* BERGEN ASSOCIATES, INC., Respondent, Impleaded with H. FEDER ORGANIZATION, INCORPORATED, and Another, Defendants.

First Department, February 17, 1933.

*Theodore Arnold* of counsel [*Samuel P. Shapiro* with him on the brief; *Leon Bleecker*, attorney], for the appellant.

*William Macy* of counsel [*Macy & Spiegel*, attorneys], for the respondent.

PER CURIAM. We are of the opinion that the decision of the court at Special Term was clearly contrary to the weight of the credible evidence. There was no contradiction of the testimony given by plaintiff, appellant, concerning the misrepresentations made to him at the time he entered into the contracts for the purchase of the lots in question. The testimony of the respondent's witnesses concerning the transactions subsequent to the purchase of the lots was unworthy of belief, and was clearly disproved by the testimony of the plaintiff, appellant. In our opinion, the price for the lots agreed to be paid by plaintiff upon the false representations of the agent of the defendant, respondent, was so disproportionate to the actual value of said lots that the contracts, for that reason, should be rescinded. Plaintiff was a man of little education and with no experience whatever in dealing in real property. He

relied implicitly upon the promises and representations of the agent of the defendant, respondent. The contracts of purchase and sale were tainted by fraud in their inception, and, although the respondent may have been innocent of fraud, it was responsible for the representations of an agent acting for it and by virtue of whose representations the plaintiff was induced to purchase the lots, and as the result of which respondent profited. The representations upon which the plaintiff relied were of material, existing facts. They were untrue. They were made with intent to defraud plaintiff, and the contracts should be rescinded and any moneys paid by plaintiff in reliance upon such representations should be returned to him. We are furthermore of the opinion that the deed executed by the defendant, respondent, of the four lots and delivered to plaintiff was not understood by plaintiff at the time of its delivery, and that the plaintiff was induced to sign an instrument purporting to be a general release without any knowledge whatever of its contents or effect.

The judgment appealed from should be reversed, with costs, and the plaintiff should recover judgment against the defendant, respondent, for the sum of $4,872, being the amount paid by him upon the false representations aforesaid, together with interest on the various amounts constituting said sum from the time said sums were variously paid to the defendant, respondent; and the agreements entered into for the sale of said lots should be declared null and void, rescinded and canceled; the deed dated September 16, 1930, recorded in Richmond county clerk's office in liber 711 of Deeds, at page 98, October 3, 1930, should be declared null and void, and canceled of record; defendant, respondent, should be directed to receive from plaintiff a reconveyance to it of the lots covered by said deed; any and all instruments heretofore executed by plaintiff to defendants, or either of them, bearing date September 29, 1930, or any other date or dates, should be declared null and void and canceled; and plaintiff, appellant, should recover the costs of the action against the defendant, respondent.

Present — FINCH, P. J., MERRELL, MARTIN, SHERMAN and TOWNLEY, JJ.

Judgment reversed, with costs, and judgment directed for the plaintiff as indicated in opinion, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.